## McDonald vs. The State of Georgia.

1. As a general rule, when the court has admitted illegal evidence which is subsequently ruled out, this subsequent action of the court will cure the error; but this rule is subject to the exception that, where the illegal evidence, wrongfully admitted, upon the facts of the given case, may have worked such harm or injury to the accused as to render it probable that its subsequent withdrawal did not heal the wounds so inflicted, a new trial will be granted. The facts of this case are such as to render it probable that the error of the court in admitting the illegal testimony was not cured by the subsequent withdrawal thereof.

   HILL, J., concurring. JACKSON, C. J., dissenting.

2. Affidavits used on the hearing of a motion for new trial must be properly authenticated and brought to this court. A mere order

that all affidavits so used be filed in the clerk's office, and the appearance in the record of what purport to be copies of the affidavits, with the entries of filing thereon, is not sufficient; and a ground of the motion dependent on them will not be considered.

February 9, 1884.

Criminal Law. Confessions. Evidence. Practice in Superior Court. Practice in Supreme Court. Before Judge PATE. Dooly Superior Court. March Term, 1883.

Perry G. McDonald was indicted for assault and battery, alleged to have been committed on Stephen Woodward. The fact that he caught Woodward by the beard, pulled him out of a buggy, and committed a battery upon him, was scarcely contested, but it was insisted by the defendant that Woodward grossly and repeatedly insulted him, and gave him such provocation as to justify the battery. The defendant was about twenty-five years of age, while Woodward was about seventy-six. The jury found the defendant guilty. He moved for a new trial on various grounds, the only material one of which is stated in the opinions of the justices. The motion was overruled, and defendant excepted.

One ground of the motion for new trial was newly discovered evidence. In support of this ground, several affidavits appear in the record marked filed in office. There also appears in the record an order that the affidavits, to be used on the motion for new trial, should be submitted to counsel for the other side at least ten days before the hearing, and should be filed in the clerk's office before the hearing. When the case was called in the Supreme Court, a motion was made to dismiss the writ of error, under the ruling in *Warnock vs. Kilpatrick, administrator*, 70 *Ga.*, 730. The court refused to dismiss the case, but declined to consider the ground to which these affidavits applied.

G. W. BUSBEE; GUSTIN & HALL, for plaintiff in error.

C. C. Smith, solicitor general ; Harrison & Peeples, for the state.

Blandford, Justice.

The plaintiff in error was indicted for an assault and battery.   The state, on the trial, offered to prove that a few days after the battery, accused said he wished he had broken every bone in prosecutor, on account of the manner in which he had been treated afterwards by prosecutor. This testimony was objected to by the accused as illegal. The objection. was overruled. by the court, and the evidence was allowed to go to the jury.  Subsequently the court withdrew the evidence from the jury, upon motion of defendant's counsel.   The general rule is that, when the court has admitted illegal evidence to the jury, which is subsequently ruled out, this subsequent action of the court will cure the error in the admission of the illegal evidence ; but this rule is subject to this exception: where the illegal evidence, wrongfully admitted, upon the facts of the given case, may have worked such harm or injury to the accused as to render it probable that the subsequent withdrawal of such evidence from the jury did not heal the wounds so inflicted, then a new trial will be granted. This court, in *Hall vs. State*, 65 *Ga.*, 36, intended to go to this extent only, although the language employed by the lamented judge in that case is susceptible of a construction that would carry that case much further.

By applying the minor rule thus laid down to the case now before us, we think it is probable that the error of the court, in admitting the illegal testimony complained of, caused such injury to plaintiff in error as the subsequent withdrawal of the same did not cure, and for this we reverse the judgment, and grant a new trial.

Judgment reversed.

Hall, Justice, concurring.

I concur in the judgment of reversal in this case, not

only for the reasons given by my colleague, but because I do not understand that it is one of the privileges of age to use, without provocation, opprobrious language to and of, and in the presence of another, which tends to a breach of the public peace, without legal responsibility for so doing.   Code, §4372.   On the trial of an indictment for assault and battery, the defendant may give in evidence opprobrious words and abusive language used by the prosecutor or person beaten, which may or may not amount to a justification, according to the nature and extent of the battery, all of which is to be determined by the jury. Code, §4694.

In this case, opprobrious and insulting words seem to have been used by the prosecutor to the defendant, and notwithstanding his remonstrance and request that it be not persisted in, they were several times repeated, and, as it might be reasonably inferred, with the purpose of drawing him into a difficulty.   It seems to me that the only question about which there could be any dispute was, whether the battery was so excessive as to degenerate into aggression, and to show that the alleged provocation was seized upon as a pretext by the defendant to gratify a revengeful feeling, and afford him an opportunity of inflicting upon his opponent unwarranted injury.   Upon this question the testimony was pretty evenly balanced, if its weight was not in favor of the defendant's version of the affair. This was a question exclusively for the determination of the jury, and if it had been submitted to them upon the testimony alone, which was legally and properly before them, and the presiding judge had been satisfied to let their finding stand, I would not interpose to arrest or modify it.   But such was not the case on this trial; there was confessedly before this jury a fact which might have had a most material effect upon the conclusion they reached, and which had gotten before them improperly and illegally; it was the confession of the defendant that he was sorry that he had not broken every bone in prosecutor's body, be-

cause prosecutor had treated him badly since the difficulty. This last part of the confession was drawn from the witness upon cross-examination, when, upon motion of defendant's counsel, it was ruled out, and the jury were instructed not to consider it. The first part of it was before them for some little time, and may have made an impression of which it was difficult, if not impossible, for them wholly to divest themselves. Who can say that the defendant was not thereby prejudiced? It should be borne in mind that in such investigations something more than probability, however strong it may be, is required to sustain a verdict of guilt. A reasonable doubt acquits, and innocence is presumed, and the presumption continues until it is overcome by competent and sufficient proof.

The cautious and conscientious judge who tried this case used what seemed to him every precaution to prevent improper confessions from getting before the jury, but in spite of his caution and the vigilance of counsel, the very thing he sought to avoid took place. It is further apparent that when the wrong was discovered, it was promptly rectified, so far as it could be done, though, as we have seen, the attempt to arrest it was not probably successful. I do not think this defendant has had a fair trial, and am of opinion that, upon another hearing, these irregularities prejudicial to him can, as they should, be corrected. The practice established by *Hall vs. The State* is salutary and promotive of the ends of justice. I am unwilling to depart from the eminently proper rule therein laid down. Its requirements were evaded by the witness in this instance. In the preliminary examination that took place, he withheld from the court the only fact that rendered this confession inadmissible; perhaps he did so ignorantly, but whatever his motive may have been, the failure to state it in time was none the less hurtful to the defendant. When it came to light, there was no alternative left to the defendant but to move to rule it out. Had he remained silent and inactive, this might have been treated as an implied con-

sent to the propriety of the evidence, and a waiver of the objection. I would not go so far as to favor a new trial in a less doubtful case, on account of the impression made by improper evidence, promptly rejected by the court when it was perceived, and accompanied with a caution to the jury not to consider it in their deliberations.

JACKSON, Chief Justice, dissenting.

The point on which the majority of the court think that the court below should be reversed and a new trial be granted, is embodied in the fourth ground of the motion for a new trial, which is as follows: " Because the court erred in permitting T. J. Folds over defendant's objection to testify as to a conversation he heard between defendant and a brother of witness a day or two after the fight took place, the examination of said Folds having taken place out of hearing of the jury, to determine whether his testimony as to said confession should go to the jury; when said Folds said, ' I am sorry now that I did not break every bone in his body.' The court permitted this testimony, over defendant's objection, to be stated in hearing of the jury, but after the witness modified by saying, ' defendant said he made the remark because the prosecutor had aggravated him so since the difficulty,' the court ruled the testimony out, not until it had been stated in presence of the jury." Before certifying the correctness of this ground, the court modified it by a note, which is as follows:

"The testimony was ruled out, on motion of defendant's attorney, and the court stated at the time to the jury that they were not to consider the evidence ruled out."

It will thus be seen that the presiding judge followed the practice commended in the case of *Hall vs. The State,* 65 *Ga.,* 36, had the examination upon the admissibility of the evidence in this case conducted out of the hearing of the jury, and admitted or decided to admit this saying of defendant · " I am sorry now that I did not break every bone in his body;" but after that much had gone to the

jury, and the witness added that " defendant said he made the remark because the prosecutor had aggravated him so since the difficulty," on motion of defendant's counsel, the whole of it was ruled out, and the court told the jury not to consider it at all. So that the question here is whether, when a judge admits a saying like this, and then a motion is made to rule it out by the defendant, and it is ruled out, a new trial should be granted on that ground. In my judgment, the court below was right in overruling the motion for a new trial on this ground. The evidence which the jury heard is simply the expression of regret by defendant that he had not broken every bone in the prosecutor's body, because he had aggravated him so since the difficulty. Even if the rule were that the withdrawal of evidence illegal, and the charge not to consider it, would not heal the error of its admission, in some exceptional cases, in my judgment, this is not a case to be excepted. The assault and battery was not denied. Every witness proved it—the defendant's statement admitted it—the only question was, did the opprobrious words used by the prosecutor justify it? The sayings admitted were, therefore, in no conceivable view that I can take, so important as to make this case an exception to the general rule that, where a judge admits evidence illegally; but afterwards rules it out, and tells the jury not to consider it, a new trial will not be granted. I do not recall a single case where, such being the facts, a case was ever reversed on that ground by this court.

In respect to the analogy between this case and the case of *Hall vs. The State*, in 65 *Ga.*, 36, my eyes are too dull to see it.

That is a case where the whole examination touching confessions of the defendant, and how far extorted by fear, was had in the hearing of the jury, where there was no evidence of guilt, except circumstantial; but the confessions of the defendant alone involved him in guilt; where the issue was murder, and who committed the hom-

icide; where a pistol was fired just over the defendant's head to make him confess; where the scene occurred in the court-house, and the guard itself thus illegally extorted the confessions; where the evidence was not admitted, and therefore not ruled out on motion of defendant's counsel, as here ruled; where the jury were not told, as here, not to consider it, but where every man on the jury knew that defendant had confessed his guilt, just as well as if he had confessed it to them, and believed it, though it was extorted; and where the preservation of the great rule that extorted confessions should not criminate men, constrained this court to rule that, in that case, "impartial justice" to the negro "demanded a new trial."

Mark the language of the accurate and cautious judge who delivered the opinion in *Hall vs. The State, supra*: "It is the unanimous judgment of this bench that, where such preliminary examinations as this are to be had, the better practice is, and impartial justice demands it, that the jury should be retired from the box whilst the admissibility of the evidence is considered by the court." The words, " as this," with the word " such," qualify the sentence, and control the meaning of the judge; and great would be the astonishment of Judge Crawford to ascertain that the principle thus declared and qualified had been applied to a case such as this now at bar. Indeed, in 65 *Ga.*, 509, Judge Crawford himself alludes to the ruling in *Hall vs. The State*, and again emphasizes the elaborate statement made of the facts there, and the difficulty of dislodging such impressions from the jury.

I forbear to say aught about the facts of the case—the age of the prosecutor and the vigorous manhood of the defendant; the provoking language of the man of seventy-six, who was beaten, and the energetic assault of the man of twenty-five, who jerked him out of his buggy by the beard, to the ground, and pummelled him there, with demands that he take back the provocation, because the jury has passed on all that; nor shall I cite the numerous

cases where this court has ruled that even the erroneous charge of the court, or the illegal admission of evidence, though not withdrawn, would not suffice to grant a new trial here, over the discretion of the presiding judge, unless that discretion has been abused; nor show that this case falls within many of them, even if the evidence had not been withdrawn at all.

It is the principle ruled from which I dissent; and the duty which I owe to the state, not to permit such a principle to be applied to such a case without protest, requires me, with the utmost respect for my able and learned colleagues, to dissent from the judgment of reversal.