## BARNETT *v.* STRAIN.

1. The description of the land sued for considered, the court did not err in overruling the defendant's motion to dismiss the petition on the ground that "the plaintiff had not described the premises with sufficient certainty as. in the event of a recovery by the plaintiff and the issuance of a writ of possession thereon, the sheriff could deliver possession in accordance with its mandate."

2. The general rule is that when a husband conveys property to his wife, or directs or permits the title to be taken in the name of his wife to property purchased with his money, or to which he would have a right to demand that title be made to him, the law raises a presump-

tion of a gift; and this presumption remains until it is shown affirmatively that there was no intention to give on the part of the husband.

(a) The charges given by the court did not so narrow the range of inquiry by the jury as to exclude from their consideration circumstances tending to show the agreement and understanding between the husband and wife as to the purpose for which the deed in controversy was executed.

3. That the court did not charge the jury specifically and expressly that they might consider "any antecedent or contemporaneous [fact] or facts so immediately following the transfer as to be considered a part of the same transaction, if it be found there were such facts, and that they did constitute a part of the same transaction, in determining whether or not the transfer was intended as a gift," was not error, it not being alleged that the court failed to properly instruct the jury that they were the judges of the facts of the case. Had the defendant desired the specific instruction just stated, he should have requested the same in writing.

4. The charge of the court sufficiently covered the subject of the rights and interests of the defendant in the land in case the jury returned a verdict finding that the deed of conveyance to the wife of the defendant was a security deed.

5. Exception is taken to certain remarks made by the court "during the course of the trial." From this recital and the character of the remarks made, it is assumed that the remarks were made to counsel touching certain questions of law and fact. And where statements are made to counsel in this way and not as a portion of the court's charge to the jury, they will not be good ground of a motion for new trial, unless a motion for a mistrial was made, though the remarks contained an expression of opinion which would not be permissible in a charge to the jury. *Moore* v. *McAfee*, 151 *Ga.* 270 (106 S. E. 274).

6. It is not a ground requiring the grant of a new trial that the court refused to permit the defendant to answer the question, "How much is that place worth now?" where the court permitted him to state the amount of the improvements that he had placed on the land, "so as to indicate whose possession it was."

7. The grounds of the motion containing general criticisms of the charge, alleging that they are vague, indefinite, and misleading, and do not sufficiently present the contentions of the defendant, do not appear to be well taken when the entire charge is considered.

No. 2365. MAY 13, 1921.

Complaint for land. Before Judge Tarver. Whitfield superior court. November 6, 1920.

*Ralph H. House* and *George G. Glenn*, for plaintiff in error.

*J. G. B. Erwin* and *Maddox, McCamy & Shumate*, contra.

BECK, P. J. W. J. Strain brought complaint for land against A. J. Barnett and his wife, Mrs. Antoinette Barnett. The land sued for is described as follows: "Sixty (60) acres of land off of north part of lot number two hundred eighty (280) in the 13th district and 3rd section of Whitfield County, Georgia, beginning at the public road on the line between Carter and Mrs Miller

and running along said road near to the new house on the corner between R. P. Sloan and Mrs. Miller; thence north of the original line between R. P. Sloan and Mrs. Miller; thence east along the original line to the corner; thence south to the public road, the starting point." A. J. Barnett filed his plea and answer, and also demurred upon the ground that the description of the land was insufficient. Mrs. Barnett filed no defense. The petitioner alleged that on July 4, 1919, he purchased the land from Mrs. Barnett, paying the full purchase-price and receiving from her a deed of conveyance of that date. A. J. Barnett in his answer admits that plaintiff is the holder of the legal title to the tract of land in question, but avers that this title is held by the plaintiff for the purpose of securing the payment of a balance due on the purchase-price, alleging that the defendant purchased the land first from one Hill and received from the latter a bond for title; that Hill conveyed to W. R. Barnett, and the defendant surrendered his bond for title from Hill to W. R. Barnett, and received in lieu thereof a bond for title from W. R. Barnett. Further, that subsequently the legal title to the land, for the purpose of securing the purchase-money, was transferred by W. R. Barnett to Mrs. Antoinette Barnett, the wife of the defendant, and it was the understanding and agreement between this defendant and his wife at the time of the transfer that the title was transferred solely for the purpose of securing the payment of the purchase-money due by him on the land; that thereafter, in accordance with the verbal agreement entered into between them at the time of the transfer by W. R. Barnett to Mrs. Antoinette Barnett, a bond for title to him was executed by his wife; that from the time of his original purchase from Hill to the date of filing his answer he had been in the actual possession of the land; and that the plaintiff in this case, who, after the alleged transaction between himself and his wife and W. R. Barnett, acquired legal title from Mrs. Barnett, did so with knowledge of defendant's rights in the premises. The defendant contends that the plaintiff ought not to be entitled to recover the land except in so far as it may be necessary to secure to him the payment of the remainder due of the purchase-money. The plaintiff asserts that at the time of the making of the deed by W. R. Barnett to Mrs. Antoinette Barnett it was done by the direction of the defendant,

A. J. Barnett; and denies that there was an agreement that the transfer was to be made only for the purpose of securing the payment of the remainder of the purchase-money, insisting that Mrs. Antoinette Barnett at the time paid the balance due on the purchase-money, and that there was no agreement that A. J. Barnett was to repay that sum to her. He contends that the presumption arises that it was the intention of the defendant, A. J. Barnett, to make a gift to his wife of whatever interest he may have had in the land in question at the time. Plaintiff denies that he had knowledge or notice of any rights that the defendant may have had in these lands; and also denies that he had any rights. The jury returned a verdict for the plaintiff, and the defendant excepted.

1. When the description of the land contained in the statement of facts above is read, it will readily appear that no elaboration is required of the headnote disposing of the defendant's motion to dismiss the petition on the ground that the land sued for was not sufficiently described.

2. In the first and second special grounds of the motion for a new trial it is contended that the following charges of the court are erroneous: (1) "I charge you, gentlemen of the jury, that if at the time of the execution of the deed from W. R. Barnett to Mrs. Antoinette Barnett it was executed at the direction of the defendant, A. J. Barnett, and upon the payment by Mrs. Antoinette Barnett to W. R. Barnett of the remainder due on the purchase-price, and if at that time no express agreement was entered into between Mrs. Antoinette Barnett and A. J. Barnett that the transfer of the title was only for the purpose of securing the payment by A. J. Barnett of the balance due on the purchase-price, then the presumption would arise that the defendant, A. J. Barnett, intended to make a gift to his said wife of whatever rights and interest he may have had in the land in question." (2) "The presumption to which I have referred, however, which arises as a matter of law when it is shown that the transfer has been made by the direction of the husband to his wife without any express agreement that the legal title is to be held by her only for the purpose of securing the purchase-price, is a presumption which is subject to rebuttal; and the burden is upon the defendant, A. J. Barnett, to rebut the presumption which thus arises, by a preponderance of the evidence."

In the case of *Gould* v. *Glass*, 120 *Ga.* 50-57 (47 S. E. 505), it was decided: " The general rule is that when a husband conveys property to his wife, or directs or permits the title to be taken in the name of his wife to property purchased with his money, or to which he would have a right to demand that title be made to him, the law raises a presumption of a gift, and this presumption remains until it is shown affirmatively that there was no intention to give on the part of the husband. See Denning *v.* Williams, 26 Conn. 226, 68 Am. Dec. 386; Thorn. Gifts, §§ 245-246." This decision is an application of the principle declared in section 3740 of the Civil Code, which reads as follows: " As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown, and the presumption rebutted." And the portions of the charge of the court in the instant case set forth above are an application of the principle announced in the decision of *Gould* v. *Glass,* supra, and declared in the code section quoted, to the facts of the case.

The expression used in the first extract from the charge, " at the time of the execution of the deed," did not have the effect of excluding from the consideration of the jury any agreement entered into between A. J. Barnett and his wife prior to the particular moment of the transfer. Giving to the word " at " its proper signification, the jury were not confined to a consideration of what took place at the very moment of the execution of the document referred to, and it is not probable that they thought that they were excluded from considering transactions or agreements that were involved in the final act of executing the deed. The word " at " is a term of considerable elasticity of meaning, and is somewhat indefinite. It is not a word of precise and accurate meaning, and it has been said that the connection furnishes the best definition. As used to fix a time, it does not necessarily mean eo instanti, or the identical time named, or even a fixed, definite moment. 5 C. J. 1422, 1423. Moreover, the instruction here given, including the expression especially objected to, submitted in substance the contention of the defendant as made in his pleading.

And what is said as to the meaning of the expression "at the time of" answers the criticism made on the portion of the charge contained in the fifth ground of the amended motion for a new trial.

3. That the court did not charge the jury specifically and expressly that they might consider "any antecedent or contemporaneous [fact] or facts so immediately following the transfer as to be considered a part of the same transaction, if it found there were such facts, and that they did constitute a part of the same transaction, in determining whether or not the transfer was intended as a gift," was not error, it not being alleged that the court failed to properly instruct the jury that they were the judges of the facts of the case. Had the defendant desired the specific instructions stated in the third special ground of the motion for a new trial, he should have requested the same in writing.

4. Complaint is made that the court erred in failing to charge the jury that "if they found that Mrs. Antoinette Barnett held the land in question as security for the remainder of the purchase-price, the defendant A. J. Barnett would be entitled to a verdict in his favor for the premises in dispute upon payment of the balance of the purchase-price, and they would go further and determine the amount due on the purchase-price." This exception shows no ground for the grant of a new trial. The respective rights of the plaintiff and the defendant, in case it appeared from the evidence that Mrs. Antoinette Barnett held the land in question as security for the payment of the remainder of the purchase-price, were a subject of clear and pertinent instructions, the court charging the jury upon that subject that if they should find that at the time of the transfer of the legal title from W. R. Barnett to Mrs. Antoinette Barnett there was an express agreement between Mrs. Barnett and A. J. Barnett to the effect that she should hold the legal title to the land in question for the purpose of securing the payment of the remainder of the purchase-price, and that there was an obligation on the part of A. J. Barnett to pay her the remainder of the purchase-price, then the defendant would be entitled to a verdict in his favor "to this extent, that plaintiff would be entitled to recover the land solely for the purpose of securing the payment of the remainder of the purchase-money, and it would be the jury's duty in that event to go further and ascertain the

exact amount which might remain due on the purchase-money (if that be the verdict) and state that amount in the verdict. The plaintiff would then recover the land solely for the purpose of securing the payment of the remainder of that amount, and would not recover the fee-simple title."

5-7. The rulings made in headnotes 5, 6, and 7 require no elaboration.　　　*Judgment affirmed. All the Justices concur.*