## KAY *et al. v.* BENSON.

1. In the absence of a timely motion for mistrial, a new trial will not be granted because of questions propounded by the trial judge to a witness under examination. Whether the asking of the questions would have amounted to error requiring a reversal, had a motion for mistrial been promptly made, need not be decided.

2. The charge to the jury on fraud, in the language of the Civil Code, § 4626, was not subject to the criticism that it was not applicable to the nature of the testimony, and was prejudicial to the movants in that it emphasized the contentions of the respondents and minimized the evidence introduced by movants, and that it shifted the burden of proof from the plaintiff to the defendants. If the defendants desired an instruction more completely covering their contentions, an appropriate request in writing should have been duly presented.

3. Failure to charge on designated principles of law was no cause for new trial, in the absence of proper requests.

4. In the light of the court's instruction to the jury on the subject (which was not erroneous), there was no error in admitting in evidence the report of a receiver who, under appointment, took charge of the business that was the subject-matter of the suit on trial; such report showing the amount obtained for the property at receiver's sale.

5. The verdict was supported by evidence.

No. 2434.    OCTOBER 14, 1921.

Equitable petition. Before Judge Ellis. Fulton superior court. December 23, 1920.

*D. K. Johnston* and *Weltner, Cheatham & Koplin,* for plaintiffs in error.

*W. S. Dillon, C. H. Calhoun, W. D. Ellis Jr.,* and *W. J. Davis Jr.,* contra.

GILBERT, J. 1. One ground of the motion for a new trial complains of questions propounded by the trial judge to a witness who, as notary public, had taken an affidavit of the defendant, as follows: " Q. Did you tell these men about swearing to this affidavit that it was a mere matter of form? A. No. Q. Did you sign your name as notary public, that you had sworn a man when you had not done so? A. I read that document to them. Q. You were appointed notary public by this court; is that the way you transact business? A. Very few would swear a man. At the same time I wrote this out myself. I wrote this out myself, and I read it to them word for word, and then they signed. Mr. David Kay was not present at the time. I don't know where he signed or when he signed. They took the document with them when they signed there. Q. You are still notary public? A. Yes, sir." The defendants should have promptly moved for a mistrial when the above questions were propounded, if they considered their interests prejudiced thereby; and a new trial will not be granted in the absence of such timely motion. *Moore* v. *Mc-Afee,* 151 *Ga.* 270 (11), 275 (106 S. E. 276). Whether the questions amounted to reversible error, had defendants made a timely motion for a mistrial, need not be decided.

2. Another ground of the motion for a new trial complains that the court charged the jury as follows: " Fraud may not be presumed, but, being in itself subtle, slight circumstances may be sufficient to carry conviction of its existence." It is urged that this charge was not applicable to the nature of the testimony, that

it was prejudicial to movants in that it emphasized the contentions of respondents and minimized the evidence introduced by movants, and that it shifted the burden from the plaintiff to the defendants. The charge is not subject to the criticism made. If defendants had desired an elaboration to more completely cover their contentions, a proper request in writing should have been duly presented to the court.

3. In other grounds of the motion for a new trial complaint is made that the court failed to charge the jury on designated principles of law. In the absence of a proper written request duly presented, these grounds show no cause for the grant of a new trial.

4. In other grounds of the motion for a new trial complaint is made of the admission as evidence of the report of the receiver who, under appointment of the court, took charge of the business which was the subject-matter of the present suit, such report showing the amount obtained at the sale of the receiver for said property; and of the charge of the court to the jury in regard to such evidence. The charge complained of was as follows: " The report of the auditor, I believe, was admitted in evidence here. The question as to the amount of the sale by the receiver can only be considered by you as illustrating, if it does, the value of the property at the time this purchase was made. You are not to consider what it was worth when the receiver sold it as a criterion for going by in this case; but you may consider the amount it brought and the circumstances under which it was sold, in illustrating its value, if it does throw light on the subject of how much it was worth at the time that this alleged purchase was made. The condition of the goods and their value on the first of February, or whatever date it was, on which evidence was introduced, can only be considered by you as illustrating, if it does, its value when he is alleged to have purchased it in January some date, which has been shown to you." In the light of the charge, which was not erroneous, the court did not err in admitting the evidence.

5. The verdict was supported by evidence.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent on account of sickness.*