## CAMPBELL v. THE STATE.

PER CURIAM. The trial judge permitted a witness for the State, over appropriate objection of the defendant, to testify to what a witness, since deceased, swore at the inquest held by the coroner over the body of the deceased, the defendant not being present at such inquest and not having had an opportunity to cross-examine such deceased witness at the inquest trial. The evidence of the deceased witness tended to show that the defendant stopped in front of the door of a residence and called for a drink of water. One Pool, who was standing in the door, said to the defendant, "You are no stranger; come in and get it." As the defendant came into the door of the house and passed around near the middle of the floor, he turned and said, "You damned niggers don't believe I'll shoot, but I am going to shoot," and then drew his pistol and shot the deceased as he was getting up, and from which wound he died. This evidence was admitted just before the court took a recess for dinner. After the court reconvened, about two hours later, his attention having been called to the fact that the defendant was not present at the inquest trial and had no opportunity to cross-examine the deceased witness who was sworn at the inquest, the court ruled out such evidence, but failed to instruct the jury that they should disregard the same in arriving at a verdict in the case. *Held,* that the court erred in admitting such evidence; and the error was not cured by afterwards ruling out the evidence, when in ruling it out the court failed to distinctly instruct the jury that they should disregard the evidence in reaching a verdict in the case.

*Judgment reversed. All the Justices concur, except Beck, P. J., and Hines, J., dissenting.*

No. 3028.    FEBRUARY 20, 1923.

Indictment for murder. Before Judge Wright. Floyd superior court. December 16, 1921.

*Porter & Mebane,* for plaintiff in error.

*George M. Napier, attorney-general, E. S. Taylor, solicitor-general, Seward M. Smith, asst. atty.-gen.,* and *J. F. Kelly,* contra.

HINES, J., dissenting. I dissent from the opinion of the majority of the court in this case; and will briefly state my reasons.

1. The general rule is that when the court has admitted illegal evidence which is subsequently ruled out, this subsequent action of the court will cure the error. Conceding that this rule is subject to exceptions, and that where the illegal evidence may have worked such harm or injury to the accused as to render it probable that the subsequent withdrawal did not heal the injury inflicted by its improper admission, the error would be sufficient ground for the grant of a new trial (*McDonald* v. *State,* 72 *Ga.* 55; *Thompson* v. *State,* 12 *Ga. App.* 201, 76 S. E. 1072), the defendant elected to cure this error by a motion to rule out the illegal evidence. His counsel must have thought that this remedy was sufficient to cure the evil done his client by the illegal admission of the evidence ruled out. Having elected to pursue this remedy, after the evidence had been illegally admitted over timely objection, and after the court had granted all that he asked for, he can not afterwards complain that his own chosen method of remedying the evil done him was insufficient.

2. Prejudicial remarks made by the court in the presence and hearing of the jury furnish no good ground for a new trial, unless a motion to declare a mistrial is made by the party aggrieved, and is refused. *Perdue* v. *State,* 135 *Ga.* 277 (69 S. E. 184); *Moore* v. *McAfee,* 151 *Ga.* 270 (106 S. E. 274); *Barnett* v. *Strain,* 151 *Ga.* 553 (5) (107 S. E. 530); *Kay* v. *Benson,* 152 *Ga.* 185 (108 S. E. 779); *Rogers* v. *State,* 18 *Ga. App.* 332 (89 S. E. 460); *Slapleton* v. *State,* 19 *Ga. App.* 36 (13) (90 S. E. 1029); *Harrison* v. *State,* 20 *Ga. App.* 157 (6) (92 S. E. 970); *Grigg* v. *State,* 22 *Ga. App.* 637 (2) (96 S. E. 1049); *Gilbert* v. *State,* 27 *Ga. App.* 604 (4) (109 S. E. 697). The reason of this rule is, that, when a remark of the court is so harmful and prejudicial to the defendant that the subsequent trial will be vain and nugatory so far as the defendant is concerned, and will furnish ground for the grant of a new trial if he is convicted, the duty rests upon the defendant, at the stage of the trial when the incurable error occurs, to move for a mistrial; and unless he does

so, the harmful and prejudicial remarks of the court will furnish no ground for the grant of a new trial. The defendant can not take the chances of an acquittal and thereafter avail himself of the error committed by the court. By a sound deduction, it follows from the above ruling that when illegal evidence is admitted by the court over the objection of the defendant in a criminal case, which evidence is so harmful that its evil effect can not be cured by its being ruled out by the court, and which will render nugatory any verdict of guilty which may thereafter be rendered against the defendant, the proper procedure is for the defendant to move for a mistrial, which, if overruled, will entitle him to the grant of a new trial; and after such evidence is admitted, but is afterwards ruled out by the court on motion of defendant, the admission of such evidence will furnish no ground for a new trial unless a motion to declare a mistrial is made by the defendant and refused by the court. After such illegal evidence is admitted, which is subsequently rule out by the court on motion of defendant, the defendant can not take the chances of acquittal, when the trial is rendered vain and nugatory by the admission of such evidence, and then after conviction make the admission of such evidence the ground of a motion for new trial. If the defendant moves to rule out such evidence, which motion is granted by the court, and thereafter he proceeds with the trial, taking the chances of a verdict of acquittal, he will be deemed and held to have waived the error committed by the court in the admission of such harmful and prejudicial evidence. This point was not raised or passed upon in *McDonald* v. *State,* and in *Thompson* v. *State,* supra.

3. It has never entered my mind to hold, and nothing said above can be construed to hold, that a motion for a new trial is not a remedy for the correction of the admission of illegal testimony. This is expressly provided by statute (Penal Code, § 1086), as provision for the grant of a new trial on account of harmful and prejudicial remarks of the judge is likewise made. Penal Code, § 1089. What I mean to say is, that the admission of harmful and prejudicial evidence, the evil of which can not be cured by being ruled out and by an instruction of the court to the jury to disregard it, can furnish no ground for the grant of

a new trial, unless a motion for a mistrial is made by the defendant on account of its evil effect, and is overruled.

I am authorized to say that Presiding Justice BECK concurs in this dissent.

RUSSELL, C. J., specially concurring. In the dissenting opinion is suggested a new rule of practice in which I can not concur. In my humble opinion it would place a limitation upon the right to make a motion for a new trial, upon the ground of the improper admission or exclusion of evidence, which is not only novel but wholly unwarranted. Section 1086 of the Penal Code provides: " The superior court may grant new trials in all cases when any material evidence may be admitted to, or illegally withheld from, the jury against the demand of the applicant." This gives the movant for a new trial the original right to test the validity of the rulings of the trial court upon evidence. The view expressed by the minority in paragraph 2 restricts that right and hampers it by placing upon it a condition not authorized by any legislative enactment. As the rule now stands in the code, a litigant who is dissatisfied with a particular ruling of the court as to the introduction of evidence may have it reviewed, if proper objection is made at the proper time during the trial, and if the point is properly presented in the motion for new trial. Under the view of the minority, no ruling of the court touching the admission of testimony, however erroneous, can be presented for review unless there has been an antecedent motion for a mistrial immediately upon the heels of the ruling of the trial judge. The case at bar does not raise the question as to the propriety of remarks made by the trial judge in the hearing of the jury, or as to any statement of facts made by the judge in the hearing of the jury in ruling upon the admission of the evidence; and therefore, confessedly, the cases cited are not in point.

While judicially I am bound by the ruling in the *Perdue* case, 135 *Ga.* 277, which has since been followed in *Moore* v. *McAfee,* 151 *Ga.* 270, *Barnett* v. *Strain,* 151 *Ga.* 553, and *Kay* v. *Benson,* 152 *Ga.* 185, it does not appeal to my personal sense of justice or to my individual ideal of good practice. Questions of financial cost and personal convenience, as I see it, should never be considered in the administration of justice. From the executive

standpoint the greatest possible economy should be practiced by a judge, but in judicial investigations there should be no competition between economy and justice in the trial of a case. The justice which is from God, and which man can only feebly and humbly imitate, can not stoop to count shekels of dross which lie at her feet, while vindication of right and redress of wrong is the core of her head and her heart. But the *Perdue* case and others just cited are confined to rulings upon remarks by the judge; while in the case at bar the minority of the court contend that by "sound deduction" the same rule should be applied to what is said by a witness. In the case now sub judice the trial judge merely ruled (in the briefest manner possible, and in language which is not only unobjectionable but which is not objected to by the plaintiff in error) upon objections made to a portion of certain testimony, and upon a later motion to exclude all testimony upon a particular subject named. The code provides that the superior court may grant new trials in all cases whenever any material evidence may be illegally admitted to, or withheld from, the jury against the demand of the applicant.

More than 300 cases cited in 9 Encycyopedic Digest of Georgia Reports (Michie), 695-698, and 8 Cumulative Supplement, 1022-1023, support the right to review the wrongful admission of illegal evidence directly by a motion for a new trial, and not by the circumambulatory route which calls for a motion for a mistrial as an essential prerequisite in reaching the goal. To authorize the adoption of the rule proposed by the minority of the court, there must be added to the terms of section 1086 of the Penal Code a proviso to the effect that the applicant or movant has made his motion for a mistrial. In my opinion this would be an exercise of legislative functions which in my opinion we should not seek to usurp. It is conceded upon all sides that the trial judge erred in the admission of the testimony in this case. The judge himself admitted it by withdrawing the testimony from the jury on his own motion, after he had returned from dinner and had taken time to reflect upon the matter; and so to my mind it is not a case of a party trifling with the court by trying to take two chances when he should have elected one or the other mode of conduct, as pointed out in the *Perdue* case, supra. The defendant's counsel did all that has heretofore been deemed nec-

essary to do. He properly objected to the testimony as it was being admitted piecemeal; and at the end of all the testimony to which he had objected, he made a timely and appropriate motion to exclude all of it. After the jury had had this testimony for about an hour and a half, the judge, of his own motion, withdrew it, though he did not expressly tell the jury that they should utterly disregard it, either at that time or in his charge. I·think that every experienced practitioner knows that a mere statement by a judge that certain testimony is withdrawn from the jury is but the application of a fictitious remedy, if the evidence previously admitted is of such a nature as to have been originally harmful and prejudicial.

"You may break, you may shatter, the vase if you will;
But the scent of the roses will linger there still."

You may draw the nail from the plank, but the hole in the plank still remains. Jurors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence by a mere direction that these impressions are to be obliterated, though they be told, even by the judge, that the object which created those impressions has been removed and is now out of their sight.

Since I am not convinced that the proposition in the second paragraph of the minority opinion is a "sound deduction" from the rulings in the cases cited,·I can not consent to the hanging of this defendant. I agree with Judge Bleckley that a defendant, though innocent, may be legally hanged. Such an instance may present a case for executive clemency. But I can not agree that even a guilty man ought to be illegally hanged. I think, under sound principles of law and precedents too numerous for citation, that the court erred in refusing a new trial.

HILL, J., concurring specially. I concur in the opinion of the majority of the court; and as to the view of the minority I submit the following:

"The superior courts may grant new trials in all cases when any material evidence may be illegally admitted to or illegally withheld from the jury, against the demand of the applicant." Penal Code (1910), § 1086. The-evidence admitted in this case, and subsequently ruled out, was material evidence, and I am of

the opinion that it was illegal evidence. The general rule is that when the court has admitted illegal evidence to go to the jury, and subsequently rules it out, the subsequent action of the court will cure the error in allowing the illegal evidence to go to the jury. There seems to be at least one exception to this rule; and that is where the illegal evidence, although subsequently ruled out, may have worked such harm or injury to the accused as to render it probable that the subsequent withdrawal of it from the jury did not heal the harmful effects which had been inflicted by allowing such evidence to go to the jury. *McDonald* v. *State,* 72 *Ga.* 55. It has been held in such cases that a new trial will be granted. Ibid. It will be seen, therefore, that a motion for new trial embracing such ground is an available remedy for the defendant to secure a new trial. I am of the opinion that the case of *Perdue* v. *State,* 135 *Ga.* 277, and similar cases, where it was held that a motion for mistrial must be made and overruled in order for the defendant to secure a new trial, are not in point. In those cases exception was taken to remarks made by the trial judge or by counsel which were deemed and held prejudicial; but in the instant case there was a mere ruling of the court on a question of the admissibility of certain evidence, and the court first admitted it and then ruled it out. The testimony of the witness being material, harmful, and prejudicial to the defendant, I am of the opinion that it should work the grant of a new trial. Who can say, in the language of Blandford, J., in the *McDonald* case, supra, that the subsequent ruling out of harmful and prejudicial evidence healed the wound which had been inflicted? Inasmuch as a motion for new trial in such cases is an available remedy, as stated above, I do not think that it is necessary or required under our law, in order for a defendant to obtain a new trial for the admission of illegal and harmful evidence which has been admitted and subsequently withdrawn from the jury, that a motion for mistrial should be made. To so hold would be to say that whenever a trial judge rules on questions of the admissibility of evidence which is illegal and harmful and which is admitted but subsequently ruled out, a motion for mistrial shall be made in every such case, before the movant can be granted a new trial. I do not think this is required under the statute, or the decisions of this court.