## 50716. BARNES v. THE STATE.

EVANS, Judge.

Defendant was tried and convicted of forgery in the first degree and sentenced to six years. Defendant appeals. *Held:*

1. By separate motion, defendant's counsel requested that he be allowed to withdraw as counsel, contending the appeal was frivolous, citing Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493). This motion is denied.

*First:* Unlike the State of California where the *appellate courts* appoint indigent counsel, in Georgia, indigent counsel are appointed by the *lower courts.* Code Ann. §§ 2-3704, 2-3708 of our Georgia Constitution clearly limit the jurisdiction of the Supreme Court and the Court of Appeals. We have no original jurisdiction but exist solely for correction of errors of law. Consequently, if we allowed present counsel to withdraw, we would be without authority to appoint additional counsel to take his place. If the lawyer is to be excused from appealing and doing all of the laborious work connected with appealing, the trial judge is the tribunal to whom he must go for relief and the trial judge, if he relieves counsel, would then have the consequent obligation of appointing another lawyer to take over, and not just leave the convicted defendant without the right to an appeal and review of his case.

*Second:* The Supreme Court in the recent cases of *Holloway v. Hopper,* 233 Ga. 615, 616 (212 SE2d 795), and *Moore v. Hopper,* 233 Ga. 894, 895 (213 SE2d 866) has held that the attorney does not have the prerogative of deciding whether or not to appeal. That is a right of the defendant, and defendant cannot be deprived of that right because his counsel may decide the appeal is without merit. The glamorous part of the case is over, and the real hard work begins after the verdict of guilty is rendered. Then begins the season of tedious, tiresome, laborious work of filing papers, examining the record and transcript, and preparing enumerations of error and briefs seeking a reversal. To allow a lawyer to avoid this work after he has tried the case before the jury should not be allowed.

*Third:* As to having no meritorious points on which

to appeal, a part of the trial lawyer's job during the trial is to see that points are made which will allow defendant's counsel to do something more than to merely accept the verdict of guilty. A trial is somewhat like the game of pool — much consideration must be given to later shots — and never to expect the game to terminate favorably on the first shot. A lawyer should never be proud of saying he made no points during the trial on which to base an appeal. There are no perfect trials, but a defendant is entitled to a fair trial. Lutwak v. United States, 344 U. S. 604 (73 SC 481, 97 LE 593); Bruton v. United States, 391 U. S. 123, 135 (88 SC 1620, 20 LE2d 476); Brown v. United States, 411 U. S. 223 (93 SC 1565, 36 LE2d 208). Who knows at what point the imperfection becomes unfair to the defendant?

We are unwilling at the appeal level to cast the defendant afloat without compass, sail or paddle.

2. The Constitution and laws of Georgia do not authorize a review of the case by merely filing notice of appeal but they also require errors of law to be corrected. This is done by filing enumerations of error in this court.

We now proceed to consideration of defendant's enumerated errors.

3. Defendant did not make a confession, as such, in this case, but he did make a statement to the police officers which amounts to an admission of certain facts. This admission could imply guilt in the cashing of a bogus check at a car-wash by a companion. The operator of the car-wash testified that defendant told him at that time she was his wife, but his statement refers to the companion under another name. The statement is somewhat exculpatory as well as inculpatory.

A hearing as to voluntariness was held outside of the presence of the jury in accordance with the Jackson v. Denno decision (378 U. S. 368 (84 SC 1774, 12 LE2d 908)). It was disclosed that the "Miranda warnings" had been given to the defendant before he made his statement as to how the check was presented and cashed. The court did not err in holding the statement was freely and voluntarily made, nor in thereafter allowing the police officer to give it in evidence.

4. Defendant's counsel admits that the evidence was

sufficient to support the verdict of guilty. This is tantamount to a waiver of the enumeration that the evidence was insufficient to sustain a conviction.

5. An argument to the jury might have been made that could have convinced the members thereof, or some of them, that under the facts of this case, the defendant had no prior knowledge that the check was a forgery. But the evidence was likewise sufficient to convince the jury he had full and complete knowledge that the check was bogus. Accordingly, the judgment is affirmed.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur in the judgment only.*

SUBMITTED MAY 21, 1975 — DECIDED JUNE 18, 1975.

*Kenneth Dious,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Frederick B. Tyler, Jr., Assistant District Attorneys,* for appellee.

