## 52231. LEE v. THE STATE.

ARGUED MAY 24, 1976 — DECIDED JUNE 15, 1976.

*Pittman, Kinney, Kemp, Pickell & Avrett, Charles A. Pannell, Jr., McCamy, Minor, Phillips & Tuggle, Lee*

*Daniel,* for appellant.
*Samuel L. Brantley, District Attorney,* for appellee.

DEEN, Presiding Judge.

1. While several older cases support the proposition that a "motion for new trial" cannot be made by one who has pled guilty in a criminal case, recognizing that substance and not mere nomenclature controls, we consider the motion as one to withdraw the pleas of guilty. *Galbreath v. State,* 130 Ga. App. 179 (202 SE2d 562). While at any time before sentence is passed a defendant may withdraw a plea of "guilty," after sentence is passed a motion to withdraw such a plea is within the sound legal discretion of the judge. Code § 27-1404; *Griffin v. State,* 12 Ga. App. 615 (4) (77 SE 1080). The record here reveals that at the hearing, the judge who received and accepted the plea fully ascertained the fact of the accused's complicity in the charge to which he pled guilty. Under the circumstances, it cannot be said that the trial judge was not authorized to accept the guilty plea and to impose sentence. The evidence amply authorized the judgment denying the "motion for new trial." *Ivey v. State,* 230 Ga. 407 (197 SE2d 366).

2. That the sentences imposed were too harsh is enumerated as error. The period of imprisonment imposed was within the parameters of the punishment prescribed by the statutes to which the appellant pled guilty of violating. The appellant's remedy lies with a review of his sentences under Code Ann. § 27-2511.1 and not with this court.

3. In a separate motion, defendant's appointed counsel requested that he be allowed to withdraw as counsel. This motion was denied and error is cited in this denial. That counsel may feel that an appeal is frivolous does not control; the right to appeal belongs to the defendant and he cannot be deprived of it because his counsel may decide the appeal is without merit. There was no error. *Barnes v. State,* 135 Ga. App. 190 (217 SE2d 443).

*Judgment affirmed. Quillian and Webb, JJ., concur.*