62959. RICHARDS v. THE STATE.

QUILLIAN, Chief Judge.

Defendant appeals his resentencing to life imprisonment for conviction of the offense of armed robbery. *Held:*

In *Richards v. State*, 157 Ga. App. 601 (2) (278 SE2d 63), this court affirmed defendant's conviction but remanded for resentencing because the trial court had erroneously considered improperly admitted evidence of defendant's prior juvenile record in imposing a life sentence.

Defendant contends that since the same judge considered improperly admitted evidence of his prior record in aggravation in originally sentencing him to life, it would be error for that judge to

resentence him to life absent that evidence, as the quantum of aggravating evidence was less and therefore the sentence should be less. It is also contended that because the prosecutor in the resentencing hearing argued in aggravation evidence properly admitted during the trial of defendant's participation in another armed robbery six hours after the armed robbery of which he was convicted, the trial court's consideration of such evidence was error under the holding of *Minis v. State,* 150 Ga. App. 671 (5), 675 (258 SE2d 308).

We find no error.

The sentence is within the limits authorized by law. Code Ann. § 26-1902 (Ga. L. 1968, pp. 1249, 1298 through 1981, p. 1266). A judge is authorized to fix a sentence within the limits prescribed by law. Code Ann. § 27-2503 (a) (Ga. L. 1974, pp. 352, 357). A defendant has a right to review of his sentence by a panel of three superior court judges. Code Ann. § 27-2511.1 (Ga. L. 1974 pp. 352, 358; 1977, pp. 1098, 1104); *Lee v. State,* 139 Ga. App. 65 (2) (227 SE2d 878).

Despite defendant's speculations, there is no indication in the transcript of the resentencing hearing, as there was in the first sentence hearing and in *Minis v. State,* 150 Ga. App. 671, supra, that the trial judge considered anything other than the circumstances of the offense itself.

"There is a presumption, in the absence of a strong showing to the contrary, that the trial judge separates the legal evidence from the 'chaff' in reaching his decision [Cits.] and that the court as a public official performed faithfully and lawfully the duties devolving upon it by law and considered only legal evidence. [Cits.]. In the face of a silent record, we will not presume error. We cannot say that the sentence imposed was not warranted under the facts nor will we say that it was unlawfully imposed based upon (speculation)." *Watts v. State,* 141 Ga. App. 127 (8), 133-4 (232 SE2d 590).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 24, 1981 —

*J. Douglas Willix,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Robert A. Weathers, Assistant District Attorneys,* for appellee.