## 68426. TODD v. THE STATE.
### (323 SE2d 6)

McMurray, Chief Judge.

In a three-count indictment with reference to violations of the Georgia Controlled Substances Act defendant entered a plea of guilty as to Counts 1 and 3 (distribution and sale of diazepam and distribution and sale of marijuana), felony offenses. He was sentenced to a term of 10 years to be probated upon compliance with the sentence and order of probation which included a fine of $5,000, payment of $300 for attorney fees "relative to the use of the Circuit Defender." The fine was to be suspended upon proof to the probation department that $8,700 had been paid to a named treatment program on defendant's behalf, the remainder to be paid after defendant's release from the program.

Defendant appeals contending the trial court erred in sentencing him to a term of probation of 10 years and a $5,000 fine. He also contends the court erred in denying him his application for first offender treatment. *Held*:

1. Defendant contends that the trial court exceeded its authority in that it was authorized only to fix a sentence within the limits authorized by law, citing *Richards v. State*, 160 Ga. App. 489, 490 (287 SE2d 394), and OCGA § 16-13-30 as not allowing the fine which was not within the judicial discretion of the trial court. See also *Riggins v. Stynchcombe*, 231 Ga. 589, 592 (203 SE2d 208); *Castillo v. State*, 166 Ga. App. 817, 824 (7) (305 SE2d 629). While the statute does not authorize the fine which the defendant seeks to set aside the above cases are not applicable inasmuch as the fine was imposed as a condition of probation. See OCGA § 17-10-8 (formerly Code Ann. § 27-2529) as to payment of fine as condition precedent to probation in a felony conviction. We note also that in *Castillo v. State*, 166 Ga. App. 817, 824 (7), supra, this court implied that a fine would have been authorized if the defendants therein had been sentenced to probation instead of a term of imprisonment. See *Printup v. State*, 159 Ga. App. 574 (284 SE2d 82). There is no merit in this complaint.

2. Defendant next contends that the trial court erroneously failed to grant him first offender treatment as provided in OCGA § 42-8-60 (formerly Code Ann. § 27-2727). However, the trial court is not required to render such a first offender status merely because it is requested even where no previous offense is shown, and the trial court may give in its discretion any sentence prescribed by law for the of-

fense, or probation. See *Welborn v. State*, 166 Ga. App. 214, 215 (303 SE2d 755). We find no merit in this complaint.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 25, 1984.

*Roland R. Castellanos, Robert W. Shurtz*, for appellant.

*Thomas E. Charron, District Attorney, Debra H. Bernes, Assistant District Attorney*, for appellee.