70028. KEESE v. THE STATE.
(331 SE2d 88)

SOGNIER, Judge.

Appellant was convicted of four counts of cruelty to children and appeals pro se.

1. Appellant contends he was denied the effective assistance of counsel because his counsel did not introduce certain letters into evidence and because his counsel did not call two possible defense witnesses.

We have examined the entire transcript and find that appellant's counsel conducted extensive and relevant cross-examination, made numerous objections which were sustained by the court, made a motion for a directed verdict of acquittal on the basis of failure of proof of venue as to one count of the indictment, presented appellant as a

witness and made a closing argument in the case. In regard to the two possible defense witnesses, they would merely corroborate the fact that appellant travelled from Rome, Georgia, to Tennessee, picked up his common law wife and two stepchildren (the victims in this case) and returned to Rome. These facts were not disputed and were not in issue in the case. In fact, appellant's common law wife testified for the State and corroborated appellant's testimony in this regard.

Further, appellant made a recorded statement to the police acknowledging most of the acts charged against him, but denying that such acts caused any harm to his stepdaughters. The effectiveness of counsel cannot be measured fairly by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered. *Pitts v. Glass*, 231 Ga. 638, 639 (203 SE2d 515) (1974); *Moore v. State*, 174 Ga. App. 460 (___ SE2d ___) (1985). We find that appellant's counsel did an excellent job in this case, and appellant was not denied effective assistance of counsel.

2. Appellant also complains that he has no counsel to represent him on appeal. The record discloses that after appellant's counsel filed a motion for a new trial on May 11, 1984, appellant vacillated continually as to whether he wanted to pursue the motion, and ultimately as to whether he desired to pursue an appeal and be represented by counsel. By letter dated September 14, 1984 appellant informed his trial defense counsel and the trial court that he wanted his trial counsel fired, removed and dismissed as appellant's counsel, as he had other people working on his behalf. Pursuant to this letter counsel filed a motion to withdraw as attorney of record for appellant. On September 20, 1984 the trial court issued a lengthy order, pointing out that the court had done its best to protect appellant's appellate rights, and out of an abundance of caution heard the motion for a new trial even though appellant informed the court he did not want a new trial. Further, after receiving a copy of appellant's letter to his trial counsel stating he was "fired and dismissed" and did not want counsel to file anything in his behalf, the trial court granted counsel's motion to withdraw as attorney of record. In the same order, the court authorized appellant to proceed pro se or with other counsel of his choice, or not to proceed, as he saw fit.

Under such circumstances appellant cannot complain that he has no counsel to represent him on appeal. If there was error it was induced by appellant, and induced error is impermissible. *Reynolds v. State*, 147 Ga. App. 488, 491 (4) (249 SE2d 305) (1978).

3. Appellant contends the evidence is not sufficient to support the verdict. We have examined the entire transcript and find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. We have searched the record for unassigned error and find

none. See generally *Evitts v. Lucey*, 469 U. S. ___ (105 SC ___, 83 LE2d 821) (1985).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

Decided May 9, 1985.

Robert James Keese, *pro se.*
*F. Larry Salmon, District Attorney*, for appellee.