## 69681. HARVEY v. THE STATE.
(332 SE2d 912)

POPE, Judge.

Nathaniel Harvey was convicted of voluntary manslaughter and theft by taking, and pleaded guilty to the charge of possession of firearms by a convicted felon. He was sentenced to 20 years for voluntary manslaughter, 10 years for theft by taking, and 5 years for possession of firearms by a convicted felon, the sentences to be served consecutively.

1. In his first two enumerations, Harvey argues that the trial court erred in admitting into evidence an incriminating statement made by him to Agent Guy Ellis of the Georgia Bureau of Investigation. The record shows that the victim, George Wayne Day, went hunting the morning of December 7, 1983. When he failed to return for lunch, his father went searching and found Day's body. Day had died from a shotgun blast to the back of his head. The deceased's 30.06 rifle and 12-gauge shotgun were missing. Harvey, who had worked for Day, was arrested later in the afternoon. He was the only suspect in the case. He was advised of his *Miranda* rights and agreed to talk to police. He denied any knowledge of Day's death. Harvey agreed to take a polygraph examination. He again denied knowledge of Day's death. The officers told him that the test indicated he was not telling the whole truth, and he was told he would have the opportunity to take another test the next day. Harvey was placed in a cell alone overnight.

The next afternoon, after police had learned through their investigation that Harvey had sold Day's guns and after they recovered the guns, Harvey was again questioned by police. After being advised of his *Miranda* rights again, before any questioning had actually occurred, Harvey said he wanted an attorney. The officers promptly concluded the interview and began to take Harvey back to his cell. Before he had left the room, he said he wanted to talk to GBI Agent Ellis, alone, before he talked to an attorney. Ellis told him that the police would not talk to him about it (the crime) until Harvey could see a lawyer. Harvey then said, "No, I want to talk to you before I see

a lawyer, alone." Ellis then agreed to talk to Harvey and the two went into an adjoining room where Harvey made his incriminating statement to Ellis. Ellis testified that he went over the *Miranda* warnings with Harvey again when the two were alone and that Harvey said he understood his rights and that he wanted to talk. In his testimony at the *Jackson-Denno* hearing, Harvey testified that on at least two occasions when officers were giving him his *Miranda* rights, he told them he knew his rights and recited the *Miranda* warnings to the officers. At the conclusion of the hearing the trial court found that the statement had been given voluntarily without coercion, and that Harvey had knowingly and voluntarily waived his right to counsel after he had initially requested one.

Harvey objects to the admission of his statement on two grounds: first, that it was obtained in violation of the prohibition set out in *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981); and, second, that it was obtained fraudulently. " 'When an appellant objects to the admission into evidence of his confession, the [S]tate must prove, by a preponderance of the evidence, (cits.), that the confession was voluntary, and, if the confession is the product of a custodial interrogation by officers of the government, that the confession was preceded by the appellant's knowing and voluntary waiver of his *Miranda* rights . . . On appellate review, factual and credibility determinations by the trial court must be accepted unless such determinations are clearly erroneous . . . It is the duty of (the appellate) court to independently review the evidence to determine whether the [S]tate has carried its burden of proving the admissibility of appellant's confession by a preponderance of the evidence. (Cits.)' " *McLeod v. State*, 170 Ga. App. 415 (317 SE2d 253) (1984).

"Our Supreme Court discussed *Edwards v. Arizona*, supra, in *Vaughn v. State*, 248 Ga. 127 (1) (281 SE2d 594) (1981). 'The question of the admissibility of the written confession is controlled by *Edwards v. Arizona*, (supra). There the court noted what has been characterized as a *per se* rule established in *Miranda* "that the assertion of the right to counsel was a significant event and that once exercised by the accused, the interrogation must cease until an attorney is present." The court then said that it would be "inconsistent with *Miranda* and its progeny for the authorities, at their insistence, to reinterrogate an accused in custody if he has clearly asserted his right to counsel." Therefore, the court held that an accused who invokes his right to counsel will not be subject to further interrogation until counsel has been provided, "unless the accused himself initiates further communication, exchanges, or conversations with the police." ' (Citations omitted.) *Vaughn*, supra at 130." *Souder v. State*, 170 Ga. App. 413, 414 (317 SE2d 251) (1984).

The record shows that Harvey, after invoking his right to coun-

sel, then reconsidered and asked to talk to Agent Ellis. The record shows that the officers testified that Ellis told Harvey even then that he would not interview him until Harvey spoke to an attorney, but that Harvey insisted that he wanted to speak to Ellis before he talked to an attorney. Thus, the record supports the trial court's conclusion that the police properly stopped questioning when Harvey invoked his right to counsel, and that Harvey then initiated further communication with the police. The record also supports the trial court's conclusion that Harvey voluntarily and knowingly waived his right to counsel after first invoking it. We find nothing in the record to lend support to Harvey's argument that the statement was fraudulently procured.

2. Harvey argues that the trial court erred in failing to give his requested charge on "unlawful act" involuntary manslaughter. The specific unlawful act alleged was the discharge of a firearm within 50 feet of a public highway. We do not find evidence in the record to support this charge. Therefore, it was not error to refuse to so charge. See *Wallace v. State*, 159 Ga. App. 793 (2) (285 SE2d 194) (1981).

3. Harvey argues that photographs were admitted improperly because no proper foundation was laid. The amount of evidence necessary to sufficiently identify photographs as true and accurate representations of their subjects is a matter within the discretion of the trial court. *Johnston v. State*, 232 Ga. 268 (1) (206 SE2d 468) (1974). We find no abuse here.

4. Harvey argues that it was error for the trial court to allow the State to use a certain diagram because it was not drawn to scale, did not accurately represent the scene, and unduly emphasized certain things which he contends could only inflame the jury. The court allowed the diagram to be used for demonstrative purposes, gave cautionary instructions to the jury, and the diagram was not tendered into evidence. We have carefully examined the record and find no abuse of discretion in the trial court's handling of the diagram. See, e.g., *Wofford v. State*, 152 Ga. App. 739 (4) (263 SE2d 707) (1979); *Wallis v. Odom*, 130 Ga. App. 437 (7) (203 SE2d 613) (1973). See generally *Moon v. State*, 68 Ga. 687 (2) (1882); *Parsons v. Foshee*, 80 Ga. App. 127 (5) (55 SE2d 386) (1949).

5. Finally, Harvey argues that the trial court erred in imposing a felony sentence for the theft-by-taking charge because the prosecution did not produce sufficient evidence to show that the value of the property exceeded $500. We disagree. An examination of the record shows evidence sufficient to establish value in excess of $500 under the guidelines set out in *Ragsdale v. State*, 170 Ga. App. 448 (317 SE2d 288) (1984).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED JUNE 10, 1985.

Earl McRae, Jr., Boyd English, for appellant.

Harry D. Dixon, Jr., District Attorney, Rebecca L. Littleton, Assistant District Attorney, for appellee.