## 70462. ETCHISON v. THE STATE.
### (334 SE2d 324)

DEEN, Presiding Judge.

Appellant Etchison was convicted by a Walton County jury on two counts of distributing marijuana. On Count I the trial court imposed a sentence of ten years' confinement, plus a fine of $3,500 and a $50 law enforcement training surcharge; and on Count II a sentence of eight years, two to be served in confinement and the balance on probation, plus a $3,500 fine and a $50 surcharge. On appeal Etchison enumerates as error the sufficiency of the evidence, an allegedly impermissible placing of his character in issue, and a violation of the

statute prescribing the maximum penalty for the offenses of which he was convicted. *Held*:

1. Our scrutiny of the entire record of this case, including the trial transcript, reveals that neither appellant's first enumeration nor his second has merit. The evidence was sufficient to authorize a verdict of guilty beyond a reasonable doubt. Determination of the weight of the evidence is for the trier of fact and, barring circumstances not obtaining here, will not be disturbed by the appellate court. *Hampton v. State*, 250 Ga. 805 (301 SE2d 274) (1983); *Pierce v. State*, 243 Ga. 454 (254 SE2d 838) (1979); *Whitten v. State*, 143 Ga. App. 768 (240 SE2d 107) (1977).

2. OCGA § 16-13-30 (j) (1) proscribes the possession, control, manufacture, delivery, distribution, dispensing, administration, or sale of marijuana, as well as possession with intent to distribute. OCGA § 16-13-30 (j) (2) provides that "any person who violates this subsection shall be guilty of a felony and, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years." The statute makes no provision for the imposition of fines. OCGA § 17-10-8 generally permits imposition of a fine as a condition to probation when a sentence is probated in lieu of confinement. See also OCGA § 17-10-1. In the instant case, however, probation was granted only on Count II; therefore, OCGA § 17-10-8 is inapplicable to Count I. *Young v. State*, 163 Ga. App. 507, 509 (295 SE2d 175) (1982).

A sentence fixed by a trial judge must be "within the limits prescribed by law." OCGA § 17-10-2 (a); *Castillo v. State*, 166 Ga. App. 817, 824 (305 SE2d 629) (1983). Because the controlling statutes, supra, do not authorize the imposition of a fine in the circumstances pertaining to Count I, the sentence fixed by the trial court on that count is *ultra vires*. Although on Count II a fine was proper as a condition to the probated portion of the sentence, we must remand this case for resentencing of the appellant on Count I, consistently with the controlling statute and the order of this court.

*Judgment affirmed and case remanded for resentencing on Count I. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 3, 1985.

*Charles E. Day*, for appellant.
*John M. Ott, District Attorney*, for appellee.