71820, 71821. DEAN v. THE STATE (two cases).
(344 SE2d 672)

POPE, Judge.

Regina Davis Dean and Terrell Eugene Dean, husband and wife, were tried and convicted of the offense of cruelty to children and sentenced to twenty years each in a state correctional institution. Appeals were filed on November 7, 1985 for each defendant by the two

attorneys appointed to represent them in the criminal trial. Counsel for Mr. Davis filed a motion to withdraw pursuant to *Anders v. California*, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967), which was denied by this court. Mr. Dean's attorney then filed an amended brief on his behalf. Acting pro se, Mr. Dean filed a "supplemental" enumeration of error and brief. He has also filed a motion for appointment of counsel, which it is unnecessary to grant since he is presently represented by counsel.

The State presented evidence showing that at about 9:00 a.m. on June 21, 1984, the nine-year-old victim was seen by Don Davis, a police officer with the LaGrange Police Department, walking down the road outside Davis' house. Davis spoke to the victim, who told Davis he was hungry and asked for some food. Davis had four years' experience as a detective, including child abuse cases, and upon questioning the victim he became suspicious because the explanation given for how he happened to be there "did not sound correct for the circumstances." Davis then removed the victim's shirt and noticed "numerous" bruises on his back of varying age and color. Davis took the victim to the Heard County Sheriff's Department where the child's injuries were photographed and a GBI agent was called to aid with the investigation. Upon questioning as to his whereabouts the night before, the victim related that his parents had driven him from home to an unknown location and told him to get out because "he was unruly, he would not behave, . . . they were leaving and going out of state and drove off and left." The victim said he had slept in the woods before walking to Davis' house the next morning. Joyce Curry, of the Heard County DFCS, was brought in and she also examined the victim. According to her testimony, she had been professionally involved with more than 40 abused children, and from her training and experience, the bruises of the victim's body from chin to mid-calf of varying color from yellow to almost black indicated that he had been severely beaten.

Questioning the victim, these investigators were told by him of a pattern of cruelty from his parents to which he also later testified at trial. During the last month of the previous school year he had been confined to his room and allowed to leave only to attend school or go to the bathroom. His meals were brought to his room. On one occasion he was punished by standing in a corner for five days with his hands above his head. Once, Mr. Dean whipped him with a fan belt because his mother accused him of telling a lie. Mr. Dean had also beaten him with his leather belt and a "rod." His mother was present then and on other occasions when he was beaten, and one time she also slapped him in the face. His mother did nothing when he showed her his bruises and told her about the beatings.

A hearing was requested in juvenile court and held within 72

hours of the victim's arrival at Davis' home, culminating in his custody being given to DFCS and his placement in a foster home. Mrs. Virginia Stevens testified that she had been a foster parent for 21 years and never in all that time had she seen a child arrive in the condition the victim was in. Both Mrs. Stevens and Ms. Curry testified that after the victim was placed in foster care the bruises began to clear up and "he changed from a scared little boy, you could talk to him and he would start crying, to one very happy." Although the victim had testified that one time he went in a closet and hit himself with his belt to punish himself because his mother had told him he was doing wrong, from the time he was in foster care Mrs. Stevens witnessed no attempts of masochism on his part.

Both defendants testified in their own defense at trial and their attorneys, on direct examination and cross-examination of each co-defendant, brought out in detail the fact that Terrell Dean had been charged, tried and acquitted of a similar child abuse accusation in Montana in 1983. Defendants claimed that the victim had sustained his bruises in Montana from a bicycle accident, and on the present occasion, from jumping off a wall and falling. Photographs of the victim's bruises taken by investigating authorities both in Heard County and Montana were introduced by the State. Mrs. Dean stated that she thought the child's bruises were self-inflicted, but that he had to be punished because he "was extremely bad and evil and he worshipped the devil." The victim testified that he had never jumped off a wall, but that his mother had told him to say that at trial.

1. Mrs. Dean asserts that the evidence was insufficient to support her conviction because there was no testimony to indicate that the alleged beatings took place in her presence, or that she condoned or aided and abetted in any abuse of the child. On the contrary, however, our review of the transcript convinces us that there was reasonable evidence to that effect.

" 'In determining the sufficiency of the circumstantial evidence to support a conviction of cruelty to a child (or to withstand a motion for new trial), the trial court as well as this court will apply a "reasonable hypothesis rule." [Cit.] This is to say that a conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with guilt of the accused, but should exclude every reasonable hypothesis save that of the guilt of the accused. [Cit.] This does not mean that the [S]tate must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. [Cit.] The yardstick by which we determine what in a given case is a reasonable hypothesis, [cit.], is in the first instance a question for the jury. [Cit.] Thus, except where the guilty verdict is unsupportable as a matter of law, this court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or

the trial court. [Cit.]' [Cit.] We have carefully reviewed the trial transcript and record and find that a rational trier of fact reasonably could find the defendant guilty beyond a reasonable doubt of the offense of cruelty to children. [Cits.]" *Richardson v. State*, 177 Ga. App. 48, 49 (1) (338 SE2d 506) (1985). Accord *Keese v. State*, 174 Ga. App. 739 (3) (331 SE2d 88) (1985); *Fain v. State*, 165 Ga. App. 188 (1) (300 SE2d 197) (1983).

2. For the same reasons, the trial court did not err in refusing to grant Mrs. Dean's motion for directed verdict of acquittal.

3. Mrs. Dean objected during a hearing out of the presence of the jury to admission of a non-custodial statement made by her to a GBI agent working on the investigation at a time when she was not considered a suspect. This agent was never called by the State to testify at trial before the jury, even though the court ruled that any statement made when Mrs. Dean was not under arrest was admissible in evidence, excluding "any part about the child abuse in Montana." We are unable to perceive any prejudice requiring reversal from this proceeding, which was analogous to a *Jackson-Denno* hearing, and since defendant's enumeration of error is not supported by any argument showing what harm was alleged to have occurred or any citation of authority, it must be deemed abandonded. See *Roberts v. State*, 175 Ga. App. 326 (4) (333 SE2d 189) (1985); *Simmons v. State*, 174 Ga. App. 171 (1) (329 SE2d 312) (1985).

4. Both defendants assert error in admitting evidence of the child cruelty proceedings in Montana in which Terrell Dean had been tried and acquitted. We are cognizant of the premise that before the State can submit evidence of a prior similar offense of which the defendant was acquitted it must show that the accused "was in fact the perpetrator of the separate offense," *Moore v. State*, 254 Ga. 674, 676 (333 SE2d 605) (1985); *Lucas v. State*, 178 Ga. App. 150 (342 SE2d 377) (1986) and that the federal bench prevents the introduction of such evidence for any purpose. *Lucas*, supra; *Moore v. State*, 173 Ga. App. 765 (1) (328 SE2d 380) (1985); *Albert v. Montgomery*, 732 F2d 865 (11th Cir. 1984). In this case, however, the State did not seek admission of the evidence, nor did defendants object to it; rather, counsel for both defendants elicited the information at length on direct and cross-examination. " 'In order to raise on appeal contentions concerning admissibility of evidence "the specific ground of objection must be made at the time the evidence is offered, and a failure to do so will be considered as a waiver. All evidence is admitted as a matter of course unless a valid ground of objection is interposed." (Cits.)' " *Benjamin v. State*, 172 Ga. App. 3, 4 (321 SE2d 769) (1984); *Doughty v. State*, 175 Ga. App. 317 (5) (333 SE2d 402) (1985). Thus these enumerations of error are without merit.

5. Nor do we agree with defendants that the trial court improp-

erly admitted the photographs of the victim showing his bruises because an inadequate foundation was laid for their introduction. Mrs. Dean testified that pictures were taken of her son in the hospital, that the proffered photographs appeared to be of her son, and that the bruises depicted were consistent with or the same as the bruises she observed on the victim. "The amount of evidence necessary to sufficiently identify photographs as true and accurate representations of their subjects is a matter within the discretion of the trial court. [Cit.] We find no abuse here." *Harvey v. State*, 175 Ga. App. 120, 122 (332 SE2d 912) (1985).

6. Mr. Dean, by his supplemental enumeration of error and brief filed pro se, contends that the defective performance of his appointed attorney deprived him of the effective assistance of counsel. Even assuming that this claim is properly before us for consideration, it "apparently was not raised in the trial court, and we therefore decline to address its merits at the present time. [Cits.]" *Buie v. State*, 254 Ga. 167, 169 (326 SE2d 458) (1985); *Williams v. State*, 254 Ga. 6 (6) (326 SE2d 444) (1985). We find no ground for reversal.

*Judgments affirmed. McMurray, P. J., concurs. Carley, J., concurs in Divisions 1, 2, 3, 5, and 6, and in the judgment.*

DECIDED APRIL 7, 1986 —
REHEARING DENIED APRIL 22, 1986 — 

*Joseph J. Anthony*, for appellant (case no. 71820).
*Dock H. Davis*, for appellant (case no. 71821).
*Arthur E. Mallory III, District Attorney, Randall K. Coggin, Assistant District Attorney*, for appellee.