## 72940. RAY v. THE STATE.
### (351 SE2d 490)

BENHAM, Judge.

Appellant brings this appeal from his convictions of possession of marijuana and Diazepam. He asserts as error the denial of his motion to suppress; the denial of his motion for mistrial; the denial of his motion for directed verdict of acquittal; the admission into evidence of a statement allegedly made by him; and the sentence meted out on each of the two counts of the indictment. The State agrees that the sentence given for possession of marijuana exceeded that permitted by law and urges remand to the trial court on that ground only.

1. Law enforcement officers executed a search of appellant's mobile home pursuant to a warrant authorizing a search of appellant's person and premises. Diazepam and 2.2 ounces of marijuana were seized from the clothes closet of the trailer's master bedroom. Nearly 10-½ pounds of marijuana were discovered in three containers (a 5-gallon bucket, a 35-gallon drum, and an ammunition box) found in a wooded area 125 to 150 feet from the trailer and 10 to 15 feet beyond the mowed area around the mobile home. A woman and her teenaged son, both of whom apparently lived in the trailer with appellant, were present during the search.

Appellant maintains the evidence concerning the 10-½ pounds of marijuana found outside the mobile home should have been suppressed since the cache was discovered in an area beyond the scope of the search warrant, i.e., outside the curtilage of appellant's trailer. Appellant's argument reflects a misunderstanding of the protection afforded by the Fourth Amendment. An individual is constitutionally guaranteed freedom from unreasonable governmental intrusion into his dwelling place and the area within the curtilage of that dwelling. "[A] search made within the curtilage of the owner without a warrant is unconstitutional and void." *Bunn v. State*, 153 Ga. App. 270 (2) (265 SE2d 88) (1980). The constitutional protection does not extend "to open fields, orchards, or other lands not an immediate part of the dwelling site [cit.]" (id. at 272), and a warrant is not a necessary prerequisite to a search of such an area. See *Olson v. State*, 166 Ga. App. 104 (1) (303 SE2d 309) (1983). Thus, contrary to appellant's assertion, there cannot be an illegal extension of a search warrant beyond the curtilage, for beyond the curtilage a search warrant is not needed. The trial court did not err in denying appellant's motion to suppress the contraband found outside the mobile home.

2. Appellant also takes issue with the admission into evidence of a statement allegedly made by him after he had requested the services of an attorney. Two law enforcement officers testified that appellant was read his *Miranda* rights and that all questioning of appellant ceased upon his request for an attorney. As officers prepared to

take appellant to the booking area, he allegedly stated that "all of the marijuana he had was in the two cans and the ammunition box."

In *Edwards v. Arizona*, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981), the United States Supreme Court noted that " 'the assertion of the right to counsel was a significant event and that once exercised by the accused, the interrogation must cease until an attorney is present.' [Cit.] The court then said that it would be 'inconsistent with Miranda and its progeny for the authorities, at their insistence, to reinterrogate an accused in custody if he has clearly asserted his right to counsel.' [Cit.] Therefore, the court held that an accused who invokes his right to counsel will not be subject to further interrogation until counsel has been provided, 'unless the accused himself initiates further communication, exchanges, or conversations with the police.' [Cit.]" *Vaughn v. State*, 248 Ga. 127 (1b) (281 SE2d 594) (1981).

At the *Jackson-Denno* hearing, two law enforcement officers testified that appellant was informed of his *Miranda* rights at the scene of his arrest and again in the sheriff's office. Appellant exercised his right to remain silent and apprised the officers of his desire to speak with an attorney. A notation indicating such a desire was written on the unexecuted "waiver of rights" form prepared by the officers. Both officers testified that all questioning of appellant ceased upon his request for an attorney and that appellant, as they prepared to remove him from the sheriff's office to the booking area, volunteered that "all of the marijuana he had was in the two cans and the ammunition box." The trial court found appellant's statement to have been made voluntarily and authorized its admission into evidence.

"On appellate review, factual and credibility determinations by the trial court [concerning the voluntariness of appellant's custodial statement] must be accepted unless such determinations are clearly erroneous. [Cits.] It is the duty of [the appellate] court to independently review the evidence to determine whether the State has carried its burden of proving the admissibility of appellant's [statement] by a preponderance of the evidence. [Cit.]" *Brooks v. State*, 244 Ga. 574 (2) (261 SE2d 379) (1979); *Harvey v. State*, 175 Ga. App. 120 (1) (332 SE2d 912) (1985). Appellant argues that the testimony given at the *Jackson-Denno* hearing was "astounding" and that it was "more likely" that any statement made by appellant was in response to comments made by the officers. There is, however, no evidence to support appellant's assertions. Inasmuch as the record contains no evidence that contradicts the trial court's finding of voluntariness, we cannot say that conclusion is clearly erroneous.

3. While the State successfully carried its burden of proof concerning the voluntariness of appellant's incriminating statement, there did occur reversible error concerning this aspect of appellant's trial.

Following the *Jackson-Denno* hearing, the jury returned to the courtroom and the examination of one of the law enforcement officers resumed. The trial court interrupted to state, in the presence of the jury, that it was "ruling that [appellant's incriminating statement] was freely and voluntarily made, without the slightest hope of benefit or the remotest fear of injury. . ." The trial court continued its dialogue with the attorneys, stating, " 'I've made a ruling and I don't think we need any further comment on it.' " The jury was then removed from the courtroom at the request of appellant's counsel, who then moved for a mistrial on the ground that the trial court had announced before the jury its ruling on an issue which, ultimately, had to be decided by the jury. The trial court attempted to cure its error with instructions to the jury. Appellant renewed his motion for mistrial at the close of the State's case, which motion was denied. On appeal, he urges reversal on the ground that the trial court's statement constituted an impermissible comment as to what had been proved. See OCGA § 17-8-57.

OCGA § 17-8-57 states: "It is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused. Should any judge violate this Code section, the violation shall be held by the [appellate court] to be error and the decision in the case reversed, and a new trial granted in the court below. . . ." In a case similar to the one at bar, this court ruled that a trial court's ruling before the jury on the voluntariness of a defendant's statement, even when coupled with an explanation as to the roles played by the trial court and the jury when the voluntariness of a defendant's statement is questioned, amounted to a violation of OCGA § 17-8-57. *Dean v. State*, 168 Ga. App. 172 (3) (308 SE2d 434) (1983). See also *Spence v. State*, 252 Ga. 338 (3) (313 SE2d 475) (1984). In light of the mandatory nature of the statute and the case law interpreting the statute, we must reverse appellant's conviction and remand the case to the trial court for a new trial.

4. The trial court did not err in denying a directed verdict of acquittal. Appellant argues his coinhabitants had equal access to possess the contraband found within the mobile home.

"A connection can be made between a defendant and contraband found in his presence by evidence which shows that the contraband was discovered on premises occupied and controlled by the defendant with no right of equal access and control in others. [Cit.] Such occupation and control may be inferred when the accused is the owner or tenant of the premises upon which the illicit drugs are discovered. [Cits.] Under the 'equal access' rule, however, the inference of constructive possession which attaches to an owner or lessee of certain premises is rebuttable by an affirmative showing that persons other

than the defendant owner or lessee had equal access to the premises where the contraband was found. [Cits.] Where it is affirmatively shown that others had equal access or opportunity to commit the crime, the mere discovery of the contraband on the defendant's premises is insufficient to support a conviction. [Cits.]" *Shreve v. State*, 172 Ga. App. 190, 191 (322 SE2d 362) (1984).

In the case at bar, it was undisputed that appellant was the lessee of the mobile home and that the master bedroom closet in which the contraband was found contained clothing of a grown man. While on cross-examination the searching officers stated that there was a lot of clothing in the closet and that some of it "could have been" or "possibly" was female attire, this testimony was merely speculative, and there was no affirmative showing of equal access. See *Prescott v. State*, 164 Ga. App. 671 (1) (297 SE2d 362) (1982).

Appellant argues that the contraband found in the containers in the wooded area was in no way connected to him and, having been found outside the curtilage, cannot be presumed to be owned by him. Appellant's position fails to take into account his incriminating statement that "all of the marijuana he had was in the two cans and the ammunition box." We have already ruled that the statement was properly placed before the jury. See Division 2 of this opinion. Since the evidence did not demand a verdict of acquittal, it was not error to deny appellant's motion. OCGA § 17-9-1.

5. Following the jury's verdict of guilty as to the charge of possessing marijuana, the trial court imposed a sentence of 15 years' confinement and a $10,000 fine. It imposed a sentence, to be served consecutively to the above sentence, of five years' confinement, five years to serve on probation, and a $10,000 fine for possessing Diazepam. Appellant contends the sentences imposed exceed the statutorily set maximums for the crimes of which he was convicted. See OCGA §§ 16-13-30 (j) (2); 16-13-30 (g); 17-10-8. Of course, appellant's sentences are automatically vacated in light of our reversal of his convictions in Division 3, but we shall address his asserted error concerning the sentences imposed in an attempt to avoid a repetition of the errors.

Under the statutory scheme, possession of marijuana is, barring certain inapplicable exceptions, a felony punishable by imprisonment for not less than one year nor more than ten years. OCGA § 16-13-30 (j) (2). The statute authorizes neither the imposition of a term of more than ten years nor a fine, and the fine levied on appellant was not imposed as a condition of probation. See *Etchison v. State*, 175 Ga. App. 723 (2) (334 SE2d 324) (1985). Compare *Todd v. State*, 172 Ga. App. 231 (1) (323 SE2d 6) (1984); OCGA § 17-10-8. Since the sentence imposed was beyond the limits prescribed by law (OCGA § 17-10-2 (a)), it was void and must be vacated.

OCGA § 16-13-30 (g) provides the punishment for possession of a

controlled substance listed in Schedules III, IV, or V. The jury found appellant guilty of possessing Diazepam, a Schedule IV controlled substance (see OCGA § 16-13-28 (a) (10)), and the trial court sentenced appellant to a term of ten years, five years of which were to be served on probation, and $10,000 fine. The statute provides for imprisonment for not less than one year nor more than five years upon the defendant's first offense. "Upon conviction of a second or subsequent offense, [the defendant] shall be imprisoned for not less than one year nor more than ten years." OCGA § 16-13-30 (g). The State contends the sentence imposed is within the limits prescribed by law since this was appellant's second offense, appellant having been convicted of possession of a Schedule I controlled substance in 1981. Although he does not make the argument, appellant apparently is of the opinion that the recidivist portion of the statute is not applicable unless the prior offense was for possession of a Schedule III, IV, or V controlled substance. We disagree, reading the phrase "subsequent offense" to mean possession of any controlled substance (see OCGA § 16-13-30 (a)) rather than "a controlled substance in Schedule III, IV, or V." See OCGA § 16-13-30 (g). Therefore, the sentence imposed upon appellant for possession of Diazepam was lawful. See OCGA § 17-10-8; *Todd v. State*, supra.

*Judgment reversed and case remanded for a new trial. Deen, P. J., and Beasley, J., concur. Deen, P. J., also concurs specially.*

DEEN, Presiding Judge, concurring specially.

While concurring fully in this case, certain observations should be made. In reviewing this case, my first impression was that the trial judge successfully and substantially cured any error pertaining to expressions made in the presence of the jury relating to whether incriminating statements were or were not voluntarily made. It was thought initially that any error therefore would be harmless, or that it would be highly probable the error did not contribute to the verdict in view of overwhelming evidence presented. Yet, as to an expression of opinion by the court as to what had or had not been proved, the law appears to require reversal.

"It makes no difference that the judge instructed the jury that what passed between himself and the witness . . . was not to be considered by them. They heard his words, and no man could dare say they were not thereby *influenced to some extent*, at least." *Alexander v. State*, 114 Ga. 266, 268 (40 SE 231) (1901). (Emphasis supplied.)

"You may draw the nail from the plank, but the hole in the plank still remains. Jurors, like other human beings, are unconsciously too much affected by strong mental impressions for these impressions to be nicely segregated from the mass of evidence by a mere direction that these impressions are to be obliterated, though they be told, even

by the judge, that the object which created those impressions has been removed and is now out of their sight." *Campbell v. State*, 155 Ga. 127, 132 (116 SE 807) (1923).

As to intimation of opinion by the judge, it is said: "The province of the jury as the exclusive arbiters of facts is holy ground, not to be approached by the judge even with bare feet and uncovered head. The judge should sit on the bench the calm and impartial incarnation of law, as silent as the Sphinx on contested questions of fact." *Taylor v. State*, 2 Ga. App. 723, 729 (59 SE 12) (1907).

DECIDED NOVEMBER 24, 1986.

*Walter B. Harvey*, for appellant.
*Timothy G. Madison*, District Attorney, *T. David Motes*, Assistant District Attorney, for appellee.