## 76147. BLASENGAME v. THE STATE.
(370 SE2d 797)

SOGNIER, Judge.

Appellant was convicted of the sale and possession of marijuana in violation of the Georgia Controlled Substances Act, and he appeals.

1. In his first and third enumerations of error, appellant contends he was denied the effective assistance of counsel because of a conflict of interest created by his trial counsel's representation of both appellant and his co-defendant, Ray Abernathy, at their joint trial, and

thus, it was error to deny his motion for a new trial on that ground. There is nothing in the transcript to indicate a conflict arising from such dual representation, and this issue was raised for the first time in appellant's motion for a new trial, in which he was represented by an attorney different than his trial defense counsel.

At a hearing on this issue appellant argued that Abernathy had made inconsistent statements to investigators which implicated a third person as the individual who supplied marijuana to Abernathy. Appellant also argued that his trial counsel was unable to explore this inconsistency on cross-examination of certain State witnesses, and that he could not put Abernathy on the stand and impeach him by showing the marijuana belonged to Abernathy, and not appellant.

In *Brown v. State*, 247 Ga. 298, 299 (2) (275 SE2d 52) (1981), the court held that in order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance, and a mere possibility of conflict is insufficient to impugn a conviction amply supported by competent evidence. Further, single representation of multiple defendants raises no per se presumption of a conflict of interest or prejudice. *Hamilton v. State*, 255 Ga. 468, 470 (2) (339 SE2d 707) (1986). In the instant case there was no objection at trial to one counsel representing both defendants, and there is nothing in the record to support appellant's bare assertion that a conflict existed. Since no timely objection was made by appellant, and no material prejudice has been demonstrated, these enumerations of error are without merit. *Brown, Hamilton*, supra.

2. Appellant alleges error in denial of his request to charge on the "equal access" doctrine. In regard to appellant's conviction of the sale of marijuana, the equal access doctrine has no application to the evidence presented. In regard to his conviction for possession of marijuana, appellant argues that because he was not present when marijuana was found in a search of a game room he leased, a charge on equal access was required as to that offense.

The evidence disclosed that appellant and Abernathy were partners in the operation of a game room, which was housed in a small, 18 x 20 foot building leased by appellant. Both appellant and Abernathy were present when an undercover narcotics agent entered the game room about 6:00 p.m., July 23, 1986, and asked Abernathy if he had any "smoke." Abernathy looked at appellant, who nodded his head, and the agent and Abernathy went behind the counter, where Abernathy sold the agent $50 worth of marijuana. Abernathy then told the agent if he wanted anything else to come back, and the agent said: "Well, how about some 'Coke'?" Abernathy asked how much the agent wanted and he said he would take a gram. Abernathy told appellant the agent wanted some "coke" too; appellant looked the agent

up and down carefully and told Abernathy: "Hell man, I don't know him." When Abernathy told appellant it was okay because the agent was "cool," appellant said he didn't care, "I'm not selling it to him, I don't know him." The agent then departed and based on that sale Donald Weathers, a narcotics investigator with the Bartow County Sheriff's Department, obtained a search warrant for the game room, which was executed at 8:00 p.m. the same evening. Abernathy was present but appellant was not; 58 hand-rolled marijuana cigarettes and three plastic bags of marijuana were seized from a shelf under the counter. Abernathy had two billfolds, one containing his identification and some money, the other containing nothing but money, including some marked $20 bills the undercover agent had used to purchase the marijuana at 6:00 p.m. Several personal papers belonging to appellant, such as rent receipts, were also seized from a basket on the shelf where the marijuana was found. Weathers testified that the game room was very small, with only two to three feet between the pool tables and the counter.

Appellant testified that he spent very little time at the game room; some days he did not go there at all, and when he did go to the game room, he spent a maximum of two hours a day there. Appellant denied any knowledge of the marijuana found on the premises during the search. He also denied being present when Abernathy sold the marijuana to the undercover agent.

Under the equal access rule, the inference of constructive possession by an owner or lessee of premises on which contraband was found is rebuttable by an affirmative showing that persons other than the defendant owner or lessee had equal access to the premises, and when it is affirmatively shown that others had equal access or opportunity to commit the crime, the mere discovery of contraband on the defendant's premises is insufficient to support a conviction. *Ray v. State*, 181 Ga. App. 42, 44-45 (4) (351 SE2d 490) (1986). See also *Gee v. State*, 121 Ga. App. 41, 42-43 (172 SE2d 480) (1970).

Although there is no direct evidence that the marijuana found under the counter was the property of appellant, it is clear from the discussion between the agent, Abernathy and appellant when the undercover agent purchased marijuana two hours before the search that Abernathy and appellant were not only business partners, but were partners in the sale of drugs. Although there was evidence that other persons may have had access to the area behind the counter on earlier occasions, there was no evidence that anyone other than Abernathy was behind the counter in the two-hour interval between the sale and the search. When Weathers entered to conduct the search, only Abernathy and a thirteen-year-old boy were present. Since it is obvious that Abernathy and appellant were working together in their drug enterprise, and there was no evidence that anyone had access to the

area behind the counter during the short interval between the sale and the search, a charge on equal access was not warranted by the evidence. A trial court is not obligated to give requested charges which are not adjusted to the evidence. *Amerson v. State*, 177 Ga. App. 97, 99 (4) (338 SE2d 528) (1985). Hence, there was no error.

3. Appellant contends the evidence is not sufficient to support his conviction. There was direct evidence that appellant participated as a party to the crime in the sale of marijuana. As to possession of the marijuana found in the search, although the evidence was circumstantial, it established clearly that appellant was a participant in and had knowledge of the drug selling enterprise. Thus, we find the evidence sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

4. Appellant contends the trial court erred by failing to charge the jury on circumstantial evidence, when all evidence supporting his conviction was circumstantial. We do not agree. There was direct evidence that appellant participated in the sale of marijuana, and direct evidence that he was engaged in an ongoing drug enterprise, shown by his response that he would not sell "coke" to the undercover agent because he did not know him. Where there is some direct evidence involved in the case, it is not error to fail to charge on circumstantial evidence. *Houston v. State*, 180 Ga. App. 267, 269 (4) (349 SE2d 228) (1986).

5. Lastly, appellant asserts error by allowing a prosecution witness to remain in the courtroom after the rule of sequestration had been invoked, and thereafter testify after other State witnesses had testified. Appellant made no objection to the witness testifying, and it is well settled that this court will not consider questions raised for the first time on appeal. *Tolbert v. State*, 180 Ga. App. 703, 704 (3) (350 SE2d 51) (1986).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 10, 1988.

*Frank G. Smith*, for appellant.
*Darrell E. Wilson, District Attorney, Mickey R. Thacker, Assistant District Attorney*, for appellee.