## A04A1965. SIMMONS v. THE STATE.
(609 SE2d 678)

MILLER, Judge.

Larry Simmons was convicted on four drug-related counts stemming from the sale and possession of cocaine at Simmons's place of business. On appeal, Simmons challenges (1) the sufficiency of the evidence to sustain his convictions on the first four counts, (2) the trial court's sentences on both Counts 1 and 2, and (3) the trial court's refusal to charge the jury on equal access. Simmons also contends that he was denied effective assistance of counsel. We affirm, but remand this case for a hearing on Simmons's ineffective assistance claim.

1. Simmons challenges the sufficiency of the evidence to sustain his convictions for possession of cocaine, possession of cocaine with intent to distribute, and two counts of the sale of cocaine. On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence showed that officers set up two controlled drug buys at a car wash owned by Simmons. In the first incident, an undercover officer approached a car wash employee, Harvey Anderson, and asked where he could buy $40 worth of cocaine. Anderson then went inside the building and through a yellow door. He came out a few minutes later and walked directly to Simmons, where the two spoke briefly. Anderson and Simmons then walked back into the same office with the yellow door. A few minutes later, Anderson returned to the undercover officer and handed him crack cocaine in exchange for the officer's $40. Simmons remained in the room while the contraband and money were exchanged. In the second incident, the undercover officer returned to the car wash and asked for Anderson, and was informed that he was not on the premises. The officer then asked the employee if he knew where he could get $40 worth of crack cocaine. As the employee led the officer into the building, the officer encountered Simmons. He told Simmons that he wanted "a forty" and Simmons asked the officer if he had cash. The officer replied that he did, and Simmons directed the officer to the same office where Anderson had earlier retrieved drugs. The employee and the officer exchanged the crack cocaine and cash. As the officer was exiting the building, the employee handed Simmons the $40 given to him by the officer. Simmons stopped the officer and told

him that "if [the officer was] running late, if it's not a big amount, just give him a call," and gave the officer his cell phone number.

Based upon the controlled buys, officers executed a search warrant at the car wash, where they found more crack cocaine and a crack pipe in an office where the sign on the door read, "This room is off limits to everyone. Larry Simmons['s] office. Thanks." Simmons was charged with and convicted of possession of cocaine, possession of cocaine with intent to distribute, and two counts of selling cocaine.

(a) In two enumerations, Simmons argues that the circumstantial evidence linking him to the drug buys was insufficient to sustain his convictions. However, evidence that Simmons spoke with Anderson after Anderson returned from Simmons's office empty-handed, and then accompanied Anderson back into the office, from which Anderson soon returned with drugs in hand, was sufficient to sustain his conviction on Count 1 for the sale of cocaine. Cf. *Watkins v. State*, 253 Ga. App. 382, 385 (3) (559 SE2d 133) (2002) (evidence sufficient to sustain conviction for possession of cocaine with intent to distribute where appellant's and accomplice's behavior were consistent with drug sale activity even though it was not clear which of the two men attempted to discard contraband). In the second transaction, evidence that the employee handed Simmons the money from the sale in the officer's presence, and that Simmons gave the officer his cell phone number telling the officer to call if he was in a hurry and only needed a small amount, was sufficient to sustain his conviction for the sale of cocaine in Count 2. See *Blasengame v. State*, 187 Ga. App. 501, 504 (3) (370 SE2d 797) (1988) (evidence established that appellant was a participant in and had knowledge of the drug selling enterprise).

(b) In his third enumeration, Simmons argues that the evidence was insufficient to sustain Counts 3 and 4, possession of cocaine and possession of cocaine with intent to distribute. More specifically, he argues that because Simmons was not present during the execution of the search warrant and because others had access to his office, the evidence was insufficient to link him to the contraband found in the office. We disagree.

It is clear that drug possession can be proved by implication:

> [w]here the evidence shows that contraband was found in the place of business of one charged with possession of such contraband, an inference arises that said contraband was in the defendant's possession. Such inference is not conclusive, but may be rebutted by showing that such contraband was not the defendant's property and was not there with his knowledge and consent. If contraband is in the defendant's business premises and he knows it, he possesses it by

> acquiescence and is criminally liable therefor. The defendant's knowledge may be proved by facts and circumstances from which it could be reasonably inferred that he knowingly had, possessed, or controlled the contraband.

(Citations and punctuation omitted.) *Gee v. State*, 130 Ga. App. 634, 634-635 (1) (204 SE2d 329) (1974). Here, we cannot conclude that the contraband was in Simmons's office without his knowledge and consent. On the office door was a sign warning that others were not to enter the office, showing that Simmons controlled access to that particular area of the car wash. There was no evidence presented that others had access to the office to rebut the presumption that Simmons possessed the drugs. To the contrary, the evidence showed that others specifically did not have access to Simmons's private office. There was evidence to support the conclusion that the cocaine was on Simmons's business property with his knowledge and/or acquiescence. See id. at 635-636 (1).

2. In his fourth enumeration, Simmons argues that the trial court erred in sentencing him on both Counts 1 and 2. He argues that the only difference between the two counts was the date and that the date was not a material averment in the indictment. This argument is without merit.

"Where an averment in one count of an accusation or indictment distinguishes it from all other counts, either by alleging a different set of facts *or* a different date which is made an essential averment of the transaction, the State may on conviction punish the defendant for the various crimes." (Citation and punctuation omitted; emphasis in original.) *Salley v. State*, 199 Ga. App. 358, 362 (4) (405 SE2d 260) (1991). Here, Counts 1 and 2 of the indictment alleged that Simmons sold cocaine on two different occasions. Each count was supported by a different set of facts. Thus the trial court did not err in sentencing Simmons on each count. See *Little v. State*, 260 Ga. App. 87, 91 (5) (579 SE2d 84) (2003).

3. Simmons contends that the trial court erred in charging the jury on joint and sole possession in response to a question from the jury without also charging on equal access. During deliberations, the jury asked the court to clarify what constitutes possession (i.e., whether the person must be in *physical* possession of the contraband). The court charged the jury on actual and constructive possession as well as joint and sole possession. "Generally, the need, breadth, and formation of additional jury instructions are left to the sound discretion of the trial court. And when the jury requests a recharge on a particular question, the trial court has discretion in whether to give additional instructions." (Footnotes omitted.) *Buchanan v. State*, 254 Ga. App. 249, 252 (3) (562 SE2d 216) (2002). The

instructions given here were a sufficient response to the jury's question. Moreover, as explained in Division 1 (b), there was no evidence presented that others had equal access to Simmons's office, and thus a jury instruction on such principle was not warranted. See *Blasengame*, supra, 187 Ga. App. at 503-504 (2).

4. In his sixth enumeration, Simmons argues that he was denied effective assistance of counsel. However, appellate counsel was not appointed until after Simmons's motion for new trial was denied and after his notice of appeal was filed. Since this is the first opportunity appellate counsel has had to raise a claim of ineffective assistance, we remand this case to the trial court for a hearing on this claim alone. See *Patel v. State*, 278 Ga. 403, 408 (9) (603 SE2d 237) (2004); *Jones v. State*, 275 Ga. 156, 159 (3) (563 SE2d 835) (2002).

*Judgment affirmed and case remanded with direction. Andrews, P. J., and Ellington, J., concur.*

DECIDED JANUARY 21, 2005.

*Calhoun, Cerbone & Sapp, William S. Lewis, Steven L. Sparger*, for appellant.

*Spencer Lawton, Jr., District Attorney, Larry Chisolm, Assistant District Attorney*, for appellee.